UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

Douglas Perry,
Plaintiff,

vs.

RAB Performance Recoveries, LLC, Inc.,
Defendant.

CA 06 329

Jury Trial Requested

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, has brought this action alleging the Defendant engaged in harassing and abusive conduct while attempting to collect an alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, and costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq*. ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees, punitive damages and injunctive relief under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place in this District.

### Parties

5. Plaintiff Douglas Perry is a natural person residing in the City of Pawtucket, County of Providence, State of Rhode Island.

6. The Defendant RAB Performance Recoveries, LLC (RAB), is a foreign corporation.

**Facts Common To All Counts**

7. In May of 2000, Chase Bank (Chase) notified Perry that it suspected certain charges made to Perry's Visa card in May of 2000 were unauthorized and fraudulent (Hereinafter those charges shall be referred to as the "questionable charges.")

8. The questionable charges were placed on a credit card Perry used primarily for his personal and family expenses.

9. In May of 2000, Perry confirmed the questionable charges were unauthorized and fraudulent.

10. The questionable charges appeared on Perry's June 2000 Visa bill, a copy of which is attached as Exhibit A.

11. In May of 2000, Chase concluded the questionable charges were unauthorized and fraudulent.

12. In May of 2000, Chase reversed all of the fraudulent charges except for $210. The reversal of the charges is reflected on the attached Exhibit A.

13. Had Chase reversed all of the fraudulent charges, Perry's balance on the Chase Visa account would have been zero ($0).

14. In or about July of 2000, Perry noticed Chase had not reversed $210 of the fraudulent charges and he notified Chase of its error.

15. At the same time he noticed the $210 in fraudulent charges still on his bill, he also noticed Chase had charged him a $29.00 late fee and $3.95 in interest for not having paid anything on the $210.

16. In July of 2000, Perry called Chase about the fraudulent balance, the late fee, and the interest charge.

17. In response to his inquiry, Chase informed Perry that it was temporarily keeping the $210 of the fraudulent charges on his account as an "investigative balance" so it could attempt to track down who had made the charges and that it would reverse the late fee and interest charge.

18. Chase then reversed the late fee and interest charge and Perry paid in full for the one charge he had made to the Chase account during that billing period.

19. Attached as Exhibit B is a copy of Perry's Visa statement showing the last charge he made on the account.

20. Perry never used the Chase card again.

21. Attached as Exhibit C is a copy of Perry's Visa Statement showing the last payment he made on the account and showing that his account balance would have been zero ($0) but for the "investigative balance."

22. In subsequent months, Chase sent Perry bills for late fees and interest accruing on the "investigative balance".

23. In subsequent months Perry repeatedly informed Chase that the bills were being sent in error.

24. Perry explained the situation to numerous Chase representatives including "Darrel King", "Leslie in Fraud", and "Mr. Kindal", often after spending a long time on hold and being transferred from one Chase representative to another, who variously said the situation would be taken care of and/or that they would look into the matter.

25. In 2001, after the "investigative balance" had grown to include late fees and interest charges, Chase charged off Perry's account and transferred it to Risk Management Alternatives, Inc. (Risk Management).

26. In 2001, Risk Management sent Perry a demand for the amount allegedly due on the former Chase account.

27. In 2001, Perry informed Risk Management that he was disputing the alleged debt.

28. In or about August 2003, Citizens Bank turned Perry down for a loan based on, at least in part, on the charged off Chase Visa account.

29. In or about August 2003, Perry sent letters sent letters to consumer credit reporting agencies disputing the validity of the debt Chase was reporting.

30. In October of 2003, in response to his letter, the bureaus responded that Chase was then reporting the account as having a zero ($0) balance.

31. After October of 2003, RAB Performance acquired the alleged debt Perry originally owed Chase.

32. In September of 2005, RAB Performance caused a demand letter to be sent to Douglas Perry demanding the sum of $460.56 in payment of the alleged debt originally due to Chase.

33. In September of 2005, Perry responded to the demand letter by requesting verification of the alleged debt.

34. Neither RAB Performance nor anyone provided the verification Perry requested.

35. In October of 2005, more than 30 days after Perry requested verification of the alleged debt, RAB sent a second letter demanding the sum of $460.56 in payment of the alleged debt originally due to Chase.

36. Neither RAB nor anyone provided the verification Perry requested.

37. Without ever providing verification of the debt, RAB Performance subsequently brought a lawsuit against Douglas Perry in the Small Claims Division of the Rhode Island District Court, Sixth Division, demanding payment of the alleged debt originally owed to Chase.

38. Perry answered the lawsuit and was prepared to defend the case on the merits.

39. Prior to Perry having an opportunity to defend the lawsuit on the merits, RAB Performance dismissed the lawsuit with prejudice.

40. As a result of RAB Performance's conduct Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Count 1 – State DTPA –Suing While Lacking Capacity**

41. Perry reasserts all of the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this count.

42. At the time it instituted the small claims case against Perry, RAB Performance was not registered with the Rhode Island Secretary of State to do business in Rhode Island.

43. At the time it instituted the small claims case against Perry, RAB lacked the capacity to bring suits in Rhode Island State courts.

44. By instituting a suit against Perry while it lacked the capacity to bring such a suit, RAB Performance engaged in a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, codified at RIGL 6-13.1.-1 *et seq.*.

45. RAB's conduct in bringing suit while it lacked capacity to do so was deliberate, willful and malicious.

46. As a result of RAB Performance's conduct as described in this Count, Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Wherefore,** on this Count the Plaintiff requests judgment against the Defendant for his actual damages and pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount

of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendant from engaging in the wrongful conduct in the future; 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

**Count 2 – Federal FDCPA –Suing While Lacking Capacity**

47. Perry reasserts all of the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this count.

48. By instituting a suit against Perry while it lacked the capacity to do so, RAB Performance employed a deceptive means to attempt to collect a debt in violation of the federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 (e) and (e)(5) and (e)(10) and (e)(13).

49. As a result of RAB Performance's conduct as described in this Count, Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Wherefore,** the Plaintiff requests judgment against the Defendant for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Counter Claim 3 – State DTPA – Ignoring Verification Request**

50. Perry reasserts all of the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this count.

51. By ignoring Perry's request for verification, RAB Performance engaged in a deceptive trade practice in violation of the Rhode Island Deceptive Trade Practices Act, codified at RIGL 6-13.1.-1 *et seq.*.

52. By ignoring Perry's request for verification and instead causing a second debt collector to send him a demand letter, RAB Performance engaged in a deceptive trade practice in violation of the Rhode Island Deceptive Trade Practices Act, codified at RIGL 6-13.1.-1 *et seq.*.

53. By not responding to Perry's request for verification and instead causing a lawsuit to be filed against him, RAB Performance engaged in a deceptive trade practice in violation of the Rhode Island Deceptive Trade Practices Act, codified at RIGL 6-13.1.-1 *et seq.*.

54. RAB Performance voluntarily, willfully, repeatedly and maliciously failed to respond the Perry's verification requests.

55. As a result of RAB Performance's conduct as described in this Count, Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Wherefore,** on this Count the Plaintiff requests judgment against the Defendant for his actual damages and pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendant from engaging in the wrongful conduct in the future; 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

**Counter Claim 4 – Federal FDCPA – Ignoring Verification Request**

56. Perry reasserts all of the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this count.

57. By not responding to Perry's requests for verification, RAB Performance violated federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692 (g)(b).

58. As a result of RAB Performance's conduct as described in this Count, Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Wherefore,** the Plaintiff requests judgment against the Defendant for her actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 5 – State DTPA – Pursuing An Invalid Debt**

59. Perry reasserts all of the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this count.

60. By attempting to collect an invalid debt, RAB Performance engaged in a deceptive trade practice in violation of the Rhode Island Deceptive Trade Practices Act, codified at RIGL 6-13.1.-1 *et seq.*.

61. As a result of RAB Performance's conduct as described in this Count, Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Wherefore,** on this Count the Plaintiff requests judgment against the Defendant for his actual damages and pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendant from engaging in the wrongful conduct in the future; and 4) such other relief as the Court may deem just and appropriate.

**Counter Claim 6 – Federal FDCPA – Pursuing An Invalid Debt**

62. Perry reasserts all of the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this count.

63. By repeatedly attempting to collect an invalid debt, RAB Performance employed harassing and abusive methods against Perry in violation of the federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692(d).

64. By repeatedly attempting to collect an invalid debt, RAB Performance made false and misleading representations to Perry in violation of the federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692(e).

65. By repeatedly attempting to collect an invalid debt, RAB Performance used an unfair practice against Perry in violation of the federal Fair Debt Collection Practices Act, codified at 15 U.S.C. § 1692(f).

66. As a result of RAB Performance's conduct as described in this Count, Perry has suffered damages including actual damages, consequential damages, attorney fees and litigation expenses.

**Wherefore,** on this Count the Plaintiff requests judgment against the Defendant for his actual damages and pursuant to RIGL 6-13.1-5.2(a) for 1) statutory damages in the amount of $200 pursuant; 2) costs and attorney fees; 3) a permanent injunction restraining the Defendant from engaging in the wrongful conduct in the future; and 4) such other relief as the Court may deem just and appropriate.

Douglas A. Perry,
By His Attorney,

John T. Longo, Esq./#4928

681 Smith Street, Suite 201
Providence, RI 02908
(401) 272-2177
Fax (401) 274-5433
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.

_______________________

#2568